# MODERN WORKMEN OF THE WORLD *v.* WHEATLEY.

---

PARTIES TO ACTION; INTERVENTION; RECEIVERSHIP.

A fraternal benefit society which has transferred to an insurance company all its assets and liabilities will not be permitted to intervene, on behalf of its policyholders, as defendant in an action in which a receiver has been appointed for the insurance company.

No. 3067.   Submitted January 10, 1918.   Decided February 4, 1918.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia denying a petition to intervene in a cause heretofore considered by this court.            *Affirmed.*

The COURT in the opinion stated the facts as follows:

*Mr. J. K. M. Norton* and *Mr. Daniel W. Baker* for the appellants.

*Mr. W. Gwynn Gardiner* and *Mr. Wm. Henry White,* for the appellees.

Appellants, Modern Workmen of the World, and Modern Workmen of the World Society, filed a petition for leave to intervene as defendants in a cause heretofore considered by this court. *Masters* v. *Hartmann,* 45 App. D. C. 253. The facts are fully stated in the opinion in that case. Among other things, petitioners pray that the receiver appointed under the direction of this court be ordered "to turn over to your petitioners, or to your petitioner, the Modern Workmen of the World Society, all the assets in his hands received as such receiver, same to be used for the benefit of the policy holders entitled thereto; that should it be necessary to protect the interests of your petitioners that one half of the capital stock of the Royal Life Insurance Company be declared to be the property

of your petitioners and held for the benefit of the policy holders entitled thereto, and that, pending final determination, said receiver be directed to pay to petitioners all the income received on the said assets belonging to petitioners, to be used for the benefit of the policy or certificate holders of petitioners."

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It appears by reference to our former opinion that the Royal Insurance Company had taken over the liabilities of the Modern Workmen of the World to its policy holders, and the Modern Workmen of the World had accepted the transfer and fully retired from the business. We there directed the appointment of "a receiver for the Royal Insurance Company," and further ordered "that Masters and Kinnear deliver to him the assets of the Royal Insurance Company derived from the Modern Workmen of the World, as shown in the auditor's report. In the event any of these assets have been converted into money, they shall be made to account for the money, with interest from the date of its receipt; also to surrender the books and records of the Royal Insurance Company." A receiver has been appointed by the court below, and the order of this court is being carried into effect.

It is unnecessary to consider appellant Modern Workmen of the World Society, since it was incorporated after the original suit was begun as a sort of holding company for the Modern Workmen of the World. Indeed, counsel for appellant so treats these corporations in his brief, where he says: "It would seem apparent that the Modern Workmen of the World and the Modern Workmen of the World Society, which are the same thing, should be allowed to become parties to the suit." In other words, the Modern Workmen of the World Society, having been incorporated to take over the assets and liabilities of the Modern Workmen of the World, would possess no greater rights than the original corporation.

In the original suit in which the receiver was appointed, it was held that the Modern Workmen of the World had no interests left which could be involved in the present controversy.

It was the corporate creature of Masters and Kinnear. At their instance, its assets and liabilities were turned over to and assumed by the Royal Insurance Company, in which they are also stockholders and directors; hence, they are in position, as parties to the original suit, to have their rights fully protected, without bringing in the Modern Workmen of the World or the Modern Workmen of the World Society, which, as counsel states, "are the same thing." The objects sought by intervention on behalf of the policy holders of the Modern Workmen of the World, if any such fiction exists, could better be attained by the intervention of the policy holders direct, but it is not apparent that this is necessary for their protection. The deep concern of Masters and Kinnear for the financial welfare of the policy holders should not be permitted to interfere with the speedy assembling of the assets in the hands of the receiver.

The decree denying the petition was right, and is affirmed, with costs.　　　　　　　　　　　　　　*Affirmed.*